IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRAYTONIA LATOY BADGER                                                         PLAINTIFF

v.                          Civil No. 1:18-cv-01026

SHERIFF MIKE LOE, Columbia County,
Arkansas; DOUG WOOD, Chief Deputy,
Columbia County Sheriff Department;
GREG HAWLEY, Jail Administrator;
Columbia County Jail; DARYL ELKINS,
Medical Doctor; and KELLY BLAIR, Investigator,
Columbia County Jail                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Craytonia Latoy Badger, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Temporary Restraining order and Preliminary Injunction. (ECF No. 20). Defendants have filed a Response in opposition to the motion. (ECF No. 24).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Columbia County Detention Center ("CCDC") in Magnolia, Arkansas. Plaintiff filed his Complaint on April 25, 2018, in the Eastern District of Arkansas. (ECF No. 2). Two days later he filed an Amended Complaint adding a claim for injunctive relief. (ECF No. 5).[1] The case was transferred to the Western District of Arkansas, El

---

[1] Defendants filed a response to the Amended Complaint interpreting the complaint to be a motion for a temporary restraining order. The Court does not consider this pleading to be a motion and will not issue any ruling thereon.

Dorado Division, on May 1, 2018. Plaintiff's application to proceed *in forma pauperis* was granted the following day. (ECF No. 10). Plaintiff has named Sheriff Mike Loe, Chief Deputy Doug Wood, Jail Administrator Greg Hawley, Dr. Daryl Elkins, and Investigator Kelly Blair as Defendants. He claims he is being denied medical care and has been discriminated against. He is seeking damages and injunctive relief. (ECF Nos. 1, 5).

Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction on June 13, 2018. He also filed a Declaration and Brief in support of the motion. (ECF No. 21). In the Declaration Plaintiff states:

> …I make this declaration in support of my motion for temporarily restraining order and a preliminary injunction to ensure that I receive necessary medical care…I have a large 'knot' on the back of head. It often swells up and becomes very painful. It also disrupts my sleep to where, I cannot lay properly. I have completed a large number of sick call request, and only a few of them was answered with limited or no action taken…my injury is unknown, but it poses a real risk to my life, because of the swelling and pain that it causes. I have asked defendant Doug Wood, Elkins and Love [Loe] to send me to a surgery doctor to have it removed. The doctor at the Emergency room also refered me to a local surgery doctor, but the defendants refuse to set an appointment, base on the cost.

(ECF No. 21, p. 1)

Plaintiff also states Defendants have "ignored his requests for treatment, has falsified documentation pretending to have cared for the plaintiff and refused to provide treatment for needed medical care basic on cost associated with care and a emergency room referral." (ECF No. 20, pp. 1-2). Plaintiff is seeking "proper medical care". (ECF No. 21, p. 1).

Defendants filed a Response to Plaintiff's motion arguing he is not entitled to a preliminary injunction because Plaintiff fails to allege facts to support a conclusion that he is in immediate danger of irreparable harm. (ECF No. 24).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).

The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III. DISCUSSION

In his complaint Plaintiff alleges he has a knot on his head that is painful and potentially dangerous to his health. Although Plaintiff is not completely clear on what he believes is

3

"proper medical care", it appears he is asking the Court to order Defendants to send him to a surgeon to have the knot removed. Based on a review of the pleadings and exhibits submitted in conjunction with the instant motion, Plaintiff is not entitled to injunctive relief under *Dataphase*.

First, it is apparent Plaintiff disagrees with how Defendants are providing care for his alleged medical needs. However, mere disagreement with medical treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006) (showing deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions). Therefore, at least at this juncture, the Court finds it unlikely that Plaintiff's claims for denial of medical care will be successful on the merits.

Second, a preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, Plaintiff has simply expressed disagreement with the care he is being provided but offers no facts to support a conclusion that Plaintiff is in immediate danger of irreparable harm. To the contrary, on March 21, 2018, Plaintiff submitted a grievance in which he indicates the knot has been on his head since 2015. (ECF No. 21, p. 27). Then on April 25, 2018, Plaintiff submitted a grievance in which he states "[t]he doctors at the emergency room decline to see me about my head, because it was not an emergency situation. The doctor there, however referred me to a local surgeon…He did say that the injury [knot on his head] is non-life threatening, but it need to be removed." (ECF No. 21, p.37).

In addition, Defendants have provided an Affidavit from Defendant Doug Wood (ECF

4

No. 25-1, pp. 1-14), which states in part: 1) Plaintiff did not identify any medical concerns to the CCDC staff when he was booked into custody on February 14, 2018 or February 18, 2018 ; 2) the knot on Plaintiff's head was medically evaluated by CCDC medical staff on March 9, 2018, and an antibiotic – Cephalexin - was prescribed for him; 3) Plaintiff has also been prescribed medications for his mental health; and 4) CCDC staff informed Plaintiff if he could get a doctor to provide documentation stating he needs surgery the CCDC "will do what we need to do." (ECF No. 25-3, p. 6). The record reflects Plaintiff is receiving treatment deemed necessary by the CCDC medical staff and Plaintiff has not provided any documentation supporting any need to have the knot on his head surgically removed. Thus, Plaintiff has failed to demonstrate he will suffer irreparable harm in the absence of injunctive relief. *See Williams v. Correctional Medical Services,* 166 Fed. Appx. 882, (8th Cir. 2006) (Plaintiff's claims concerning Hepatitis C testing and treatment showed neither threat of irreparable harm or likelihood of success on the merits to warrant a preliminary injunction); s*ee also Quint v. Lantz,* 248 Fed Appx. 218, 219 (2d Cir. 2017) (alleged denial of medical care, including preferred pain medication, for degenerative, rather than acute, medical condition did not suffice to show irreparable harm).

Third, in balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction would amount to this Court interfering with the exercise of the medical judgment of the Defendant Elkins and the operation and administration of the CCDC. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

Finally, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons [or county

detention centers], the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's allegations would amount to direct interference by the Court with the operation and administration of the CCDC which is harmful to Defendants and does not serve any public interest.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 20) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of July 2018.

>     /s/ Barry A. Bryant
>     HON. BARRY A. BRYANT
>     UNITED STATES MAGISTRATE JUDGE